Donny K. Samporna (SBN 316456)
donny.samporna@hglaw.com
**HALEY GUILIANO LLP**
2466 Palace Dr.
San Diego, CA 92123
Tel: (669) 213-1080 – Fax: (669) 500-7375

Brian N. Platt (*pro hac vice* forthcoming)
bplatt@wnlaw.com
Megan M. Needham (*pro hac vice* forthcoming)
mneedham@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800 – Fax: (801) 328-1707

*Attorneys for Plaintiff Plus EV Holdings, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUS EV HOLDINGS, INC., a Missouri corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>NEWFLORA LLC, a California limited liability corporation,<br><br>*Defendant*. | Case No: **'24CV1363 LL    BLM**<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Plus EV Holdings, Inc. ("Plus EV" or "Plaintiff") dba Intimate Rose ("Intimate Rose"), for its complaint against Defendant NewFlora LLC ("NewFlora" or "Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Plus EV brings this action for design patent infringement of U.S. Design Patent No. D1,029,286 ("the 'D286 Patent," attached as Exhibit 1) against NewFlora in light of NewFlora selling and offering to sell a pelvic wand that is substantially similar to the design of the 'D286 Patent.

## THE PARTIES

2. Plaintiff Plus EV is a Missouri corporation with a principal place of business at 1419 Murray Street, North Kansas City, Missouri. Plus EV crafts solutions for a variety of clients, including in the health industry.

3. Defendant NewFlora is a California limited liability company with a principal place of business at 1650 N Coast Highway 101, Unit B, Encinitas, California, as indicated on its business filing with the State of California. *See* Exhibit 2. NewFlora sells tools for pelvic health products and competes with Plus EV for product sales in the State of California. On information and belief, NewFlora sells the products at issue in this Complaint to customers in this District and throughout the State of California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction because this is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* arising out of the Defendant's infringing activity. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is duly registered as a California company and, upon information and belief, transacts business and ships and warehouses infringing products in this State and in this District from which the causes of action set forth

ORIGINAL COMPLAINT - 1 -

herein arise and is therefore subject to personal jurisdiction in this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant resides in this District and Defendant has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

### Plus EV and its Intellectual Property

7. Plus EV crafts solutions for a variety of clients, and under the business name Intimate Rose, offers products and services in the pelvic health industry.

8. Plus EV invests in intellectual property to protect some of its unique product designs, trademarks, and copyrightable material.

9. Plus EV is the owner by assignment of the 'D286 Patent.

### The Defendant Copied Plus EV's Patented Design

10. Upon information and belief, Defendant has copied Plus EV's products and manufactures, uses, distributes, imports, sells, and/or offers to sell products that embody the design claimed in the 'D286 Patent.

11. A photograph of a Plus EV product, sold under the name Intimate Rose, that embodies the design claimed in the 'D286 Patent is set forth in the table below next to Figure 1 from the 'D286 Patent:

|  |  |
|---|---|
| Plus EV U.S. Patent No. D1,029,286 S | Intimate Rose Pelvic Floor Wand & Massage Therapy Tool<br><br>Exhibit 3:<br>https://www.intimaterose.com/products/pelvic-wand |

12. Upon information and belief, Defendant has copied the design of Plus EV's Intimate Rose Pelvic Floor Wand & Massage Therapy Tool. A photograph and corresponding exemplary links for a product distributed, imported, sold, and/or offered for sale by the Defendant (hereinafter the "NewFlora Pelvic Wand") are set forth in the table below next to Figure 1 from the 'D286 Patent:

|  |  |
|---|---|
| Plus EV U.S. Patent No. D1,029,286 S | NewFlora Pelvic Wand<br><br>Exhibit 4:<br>https://newflora.com/products/pelvic-wands |

ORIGINAL COMPLAINT - 3 -

13. A photograph of a second Plus EV product, also sold under the name Intimate Rose, that also embodies the design claimed in the 'D286 Patent is set forth in the table below next to Figure 1 from the 'D286 Patent:

|  |  |
|---|---|
| Plus EV U.S. Patent No. D1,029,286 S | Intimate Rose Pelvic Floor Massage Tool – Pelvic Wand Vibration<br><br>Exhibit 5: https://www.intimaterose.com/products/vibrating-pelvic-wand |

14. Upon information and belief, Defendant has copied the design of Plus EV's Intimate Rose Pelvic Floor Massage Tool – Pelvic Wand Vibration. A photograph and corresponding exemplary links for a product distributed, imported, sold, and/or offered for sale by the Defendant (hereinafter the "NewFlora Vibrating Pelvic Wand") are set forth in the table below next to Figure 1 from the 'D286 Patent:

|  |  |
|---|---|
| Plus EV U.S. Patent No. D1,029,286 S | NewFlora Vibrating Pelvic Wand<br><br>Exhibit 6:<br>https://newflora.com/products/vibrating-pelvic-wand |

15. The products set out in paragraphs 12 and 14 are hereinafter collectively referred to as the "Infringing Products."

### Defendant Has Notice of the 'D286 Patent

16. On June 17, 2024, Plus EV sent Defendant a letter ("the June 17 Letter"), via FedEx and e-mail, informing Defendant that its NewFlora Pelvic Wand and NewFlora Vibrating Pelvic Wand (together "the Infringing Products") infringe the 'D286 Patent and demanding that it stop selling the Infringing Products.

17. Defendant did not respond to the June 17 Letter.

### FIRST CLAIM FOR RELIEF
### Infringement of U.S. Patent No. D1,029,286—35 U.S.C. § 271

18. Plus EV hereby realleges and incorporates by reference the allegations of paragraphs 1-17 of this Complaint into this Claim for Relief as though fully set forth herein.

19. The 'D286 Patent, entitled "Pelvic Wand" was duly and lawfully issued by the United States Patent and Trademark Office on May 28, 2024.

20. Plus EV is the owner by assignment of the entire right, title, and interest in the 'D286 Patent and possesses all rights under the 'D286 Patent, including the right to recover damages.

21. Defendant, alone or in concert with others, has been and is now infringing Plus EV's 'D286 Patent in violation of 35 U.S.C. § 271 by making, using, distributing, importing, selling, and/or offering for sale products embodying Plus EV's patented design for such products, and will continue to do so unless enjoined by this Court.

22. Upon information and belief, the infringing acts of Defendant include making, using, distributing, importing, selling, and/or offering for sale products covered by the 'D286 Patent including, but not limited to, the Infringing Products set out in paragraphs 12 and 14 above.

23. Upon information and belief, Defendant has made, used, distributed, imported, sold, and/or offered for sell products infringing the 'D286 Patent throughout the United States and elsewhere, including within this District and in California.

24. Defendant has actual notice of the 'D286 Patent through prior correspondence sent to Defendant on June 17, 2024 and by virtue of the 'D286 Patent's publication on May 28, 2024.

25. Plus EV has been damaged by Defendant's infringement in an amount to be determined at trial and has no adequate remedy at law.

26. Upon information and belief, Defendant's continued infringement of the 'D286 Patent since being put on notice of Plus EV's patent rights is willful and deliberate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plus EV requests the following relief:

A.   For judgment holding Defendant liable for design patent infringement of the 'D286 Patent under 35 U.S.C. § 271;

B.   For an Order adjudging Defendant to have willfully infringed the 'D286 Patent;

C.   For an injunction prohibiting Defendant from infringing the 'D286 Patent pursuant to 35 U.S.C. § 283;

D.   For an award of damages, including pre-judgment and post-judgment interest, caused by Defendant's infringement of the 'D286 Patent and a trebling of damages for Defendant's willful infringement under 35 U.S.C. § 284, or an award of Defendant's profits from their infringement pursuant to 35 U.S.C. § 289, whichever is greater;

E.   For a judgment that this is an exceptional case and an award of attorney fees for Defendant's design patent infringement pursuant to 35 U.S.C. § 285;

F.   For an award of costs of this action, including pre-judgment and post-judgment interest, pursuant to Fed. R. Civ. P. 54(d)(1); and

G.   For such other relief as the Court may deem equitable and appropriate.

Dated: August 1, 2024          Respectfully submitted,

                               HALEY GUILIANO LLP

                               *and*

                               WORKMAN NYDEGGER PC

                               By:  *s/ Donny Samporna*
                                    Donny K. Samporna

                               *Attorneys for Plus EV Holdings, Inc.*

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plus EV demands a trial by jury on all claims and defenses so triable.

Dated: August 1, 2024

Respectfully submitted,

HALEY GUILIANO LLP

*and*

WORKMAN NYDEGGER PC

By: *s/ Donny Samporna*
      Donny K. Samporna

*Attorneys for Plus EV Holdings, Inc.*